J-A23041-14

2014 PA Super 205

| THORSTEN STEPHAN | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WALDRON ELECTRIC HEATING AND | : | |
| COOLING, LLC, | : | |
| | : | |
| Appellant | : | No. 1960 WDA 2013 |

Appeal from the Judgment entered December 10, 2013,
in the Court of Common Pleas of Allegheny County,
Civil Division, at AR-12-003147

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

DISSENTING OPINION BY MUSMANNO, J.:      **FILED SEPTEMBER 19, 2014**

Because the record supports the trial court's credibility determinations and factual findings, I dissent.

Thorsten Stephan ("Stephan") filed the instant action against Waldron Electric Heating and Cooling, LLC ("Waldron"), alleging "extreme overcharging by [Waldron] for a minor home repair."  Complaint, 5/21/12, at 1.  The magistrate, a panel of arbitrators, and the trial court sitting as fact-finder all agreed with Stephan and found in his favor.  The trial court, in fact, specifically found Stephan to be credible, and Waldron to be not credible.  Trial Court Memorandum, 11/19/13, at 1 (unnumbered).

In its Opinion, the Majority rejects the trial court's determination, observing that "the trial court did not cite trial testimony, exhibits or any specific basis for its credibility determinations."  Majority Slip Opinion at 12.

However, as this Court has recognized, "[c]redibility determinations and consideration of conflicts in the evidence are within the purview of the trial court and such evidence should not be reweighed on appeal." ***John B. Conomos, Inc. v. Sun Co.***, 831 A.2d 696, 703 (Pa. Super. 2003). "We do not disturb findings of fact simply because this Court would have reached a different conclusion, but rather determine whether there is competent evidence in the record that a judicial mind could reasonably have determined to support the finding." ***Id.***

The competent evidence of record reflects that, for the 15-minute replacement of a burnt wire in an electrical outlet, Waldron charged Stephan $402 for the diagnosis, $721 for the repair, and an administrative fee of $251. The trial court credited Stephan's testimony, and found that "[Waldron's] conduct was deceptive, unreasonable, and unjust." Trial Court Memorandum, 11/19/13, at 1 (unnumbered). Because Stephan's testimony supports the trial court's finding, and the amount charged for a 15-minute repair is outrageous, I would affirm the judgment entered by the trial court.